# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JEFFREY TRANCOSO

    Plaintiff,

v.                                                    No.  1:19-CV-1136 WJ/GBW

ADAM ROMERO, NEW MEXICO
DEPARTMENT OF TRANSPORTATION,
PETER BENTLEY, and WERNER
ENTERPRISES INCORPORATED,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**
## **GRANTING PLAINTIFF'S AMENDED MOTION TO REMAND**

THIS MATTER is before the Court on Plaintiff's Amended[1] Motion to Remand (**Doc. 19**). Having reviewed the Parties' briefing and considered the applicable law, the Court finds that the Motion is well taken and is, therefore, **GRANTED**.

## BACKGROUND

This is a personal injury case arising out of multi-vehicle accident which included Plaintiff and Defendant Peter Bentley ("Bentley"). Plaintiff filed suit in state court, asserting a variety of tort claims, including negligence claims against Bentley and his employer, Werner Enterprises Incorporated, as well as claims against the New Mexico Department of Transportation ("NMDOT") and one its engineers, Adam Romero ("Romero"), for failure to properly maintain the highway where the crash occurred. (*See* Doc. 1-1.) Bentley timely removed the case to federal court on the basis of diversity jurisdiction and asserted that Plaintiff fraudulently joined Romero

---

[1] The Court struck Plaintiff's original Motion to Remand (Doc. 9) for failure to comply with the local rules regarding exhibits. (*See* Doc. 18.)

and NMDOT in order to defeat federal jurisdiction. Specifically, Bentley contended, *inter alia*, that under the New Mexico Tort Claims Act Plaintiff was: (1) required to provide notice of his claims against NMDOT to the New Mexico Risk Management Division ("NMRMD"), which he did not, and (2) required to provide notice regarding the claims against Romero, because Romero was acting in the course and scope of his employment with the state. (Doc. 21 at 1–2.) Bentley argued that because Plaintiff failed to meet the notice prerequisite, recovery against NMDOT and/or Romero is impossible and thus, their joinder is fraudulent. Plaintiff then filed the instant motion for remand. Plaintiff does not dispute the fact that he personally did not give notice, but asserts that NMRMD did have actual notice and, moreover, notice was not required for the claims against Romero.

## DISCUSSION

Federal courts are courts of limited jurisdiction, *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994), with the requirements for federal jurisdiction found at 28 U.S.C. §1331 (federal question jurisdiction) and §1332 (diversity jurisdiction). Due to the exceptional nature of federal jurisdiction, removal statutes must be strictly construed, and all doubt should be resolved against removal. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted).

Diversity jurisdiction requires complete diversity, meaning no party may share citizenship with an opposing party. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). But, even where complete diversity exists, federal jurisdiction can still be defeated by the forum defendant rule, which provides that a diversity case ordinarily removable to federal court is *not* removable if

any of the defendants are citizens of the state in which the federal court sits.[2]  28 U.S.C. § 1441(b)(2).

When a plaintiff has included a party in a suit for the sole purpose of spoiling federal jurisdiction, joinder is considered fraudulent.  *See Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964).  If the Court concludes a party was fraudulently joined, it may ignore the citizenship of that party for purposes of determining jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 987–88 (10th Cir. 2013).  "To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against [the defendant] in state court."  *Long v. Halliday*, 768 F. App'x 811, 814 (10th Cir. 2019) (internal quotation marks and citation omitted).  But the Court need not "pre-try the merits of the plaintiff's claims" and "[a] claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction."  *Brazell*, 525 F. App'x at 881.  "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff."  *Long*, 768 F. App'x at 814.

Here, it is undisputed that the parties are completely diverse.[3]  Nonetheless, assuming Romero and NMDOT are proper parties to this case, the case is not removable under the forum defendant rule.  If, however, as Bentley argues, Plaintiff joined these two forum citizens for the purpose of spoiling federal jurisdiction, their citizenship is ignored for purposes of the Court's

---

[2] The Tenth Circuit has held that the rule is procedural, not jurisdictional, and thus may be waived if the plaintiff fails to object.  *Brazell v. Waite*, 525 F. App'x 878, 884 (10th Cir. 2013) (citing *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006) (collecting cases)).  But, when the plaintiff contests removal, as is the case here, the case should be remanded pursuant to the forum defendant rule.  *Id.*

[3] There appears to be some uncertainty as to whether Werner Enterprises Incorporated is a citizen of Nebraska or Minnesota and as to the New Mexico county where Romero resides.  (Doc. 1 at 2.)  However, the Court does not need to resolve those issues here to determine the outcome of Plaintiff's Motion.  There is no dispute that there is complete diversity among the parties.

jurisdictional analysis, and removal is proper as the other Defendants are not forum citizens. As a threshold matter, if either Romero or NMDOT was not fraudulently joined, then under the forum defendant rule the case should be remanded. Accordingly, the Court will first consider whether Romero's joinder was fraudulent, as that issue is dispositive.

Bentley contends that Romero is sued in his official, as opposed to individual capacity. (Doc. 21 at 9.) As such, according to Bentley, Plaintiff was required by the New Mexico Tort Claims Act ("NMTCA") to provide notice of his claim as a jurisdictional prerequisite. He argues that "no authority allows a plaintiff to sidestep the [NM]TCA's notice requirement by naming a state employee with no allegation that the employee acted outside the course and scope of his employment." (*Id.* at 12.) Bentley relies chiefly on *Kentucky v. Graham*, 473 U.S. 159 (1985), a federal civil rights case, to support his distinction between official versus individual capacity suits.

Both of Bentley's arguments miss the mark. First, the official versus individual capacity distinction is not contemplated by the NMTCA. *See I.G. v. Bd. of Educ. of the Aztec Mun. Sch. Dist.*, No. 18-124, 2018 U.S. Dist. LEXIS 168710, at * 64 (D.N.M. Sep. 30, 2018) ("Designations of 'individual' versus 'official' capacity are not relevant in the context of the NMTCA." (citing *Vigil v. State Auditor's Office*, 2005-NMCA-096, ¶ 7, 138 N.M. 63)). That distinction is only critical in federal constitutional claims. *See Vigil*, 2005-NMCA-096, ¶ 7. In those cases, state officials, such as police officers, must be sued in their "individual" capacities, because civil rights claims can only be asserted against "persons," and employees acting in their official capacity are not "persons" within the context of federal civil rights claim. *See Ford v. N.M. Dep't of Pub. Safety*, 1994-NMCA-154, ¶ 16, 119 N.M. 405. That is not the true under the NMTCA. Individual employees acting in the course and scope of their employment may be sued under the NMTCA. *See Abalos v. Bernalillo Cnty. Dist. Attorney's Office*, 1987-NMCA-026, ¶ 18, 105 N.M. 554.

Second, and more importantly, the NMTCA only requires notice to government entities, not individual state employees. The NMTCA's notice provision states, in pertinent part, that, "[e]very person who claims damages from the state or any local public body under the [NMTCA]" must provide notice to the representative of the state or public body designated by the statute. *See* 1978 NMSA, § 41-4-16(A). Significantly, the statute is silent regarding claims against individual governmental employees. *See Niederstadt v. Town of Carrizozo*, 2008-NMCA-053, ¶ 15, 143 N.M. 786. In fact, it is beyond debate that notice is *not* required to government employees. *Dutton v. McKinley Cnty. Bd. of Comm'rs*, 1991-NMCA-130, ¶ 12, 113 N.M. 51 ("The written notice requirements of Section 41-4-16 do not apply to claims against public employees." (citing *Martinez v. Clovis*, 1980-NMCA-078, ¶ 11, 95 N.M. 654) (explaining that "[i]f the Legislature had intended a different interpretation, it could have included in § 41-4-16 the necessity for giving written notice to the offending public employee")).

Further, Bentley's argument that Plaintiff was required to provide notice of the claims against Romero because governmental entities can only act through their employee and those entities must defend and indemnify employees, *see* NMSA 1978, §§ 41-4-4(B) and (D), was explicitly foreclosed by the Court in *Niederstadt*, on which, ironically, Bentley heavily relies. (Doc. 21 at 11). The *Niederstadt* court rejected the exact line of reasoning Bentley offers to this Court, stating that

> "merely because [the employee defense and indemnification provision] imposes upon the governmental entity for which the employee works the obligation to provide a defense to its employee and pay any settlement or judgment reached, it does not convert a public employee . . . into a local public body, a governmental entity, or the state or state agency [for purposes of the notice provision]."

2008-NMCA-053, ¶ 21 (quoting *Martinez*, 1980-NMCA-078, ¶ 9) (brackets in original).

Additionally, Bentley's argument that a suit against Romero, a public employee, is really a suit against NMDOT, a governmental entity, and thus notice is required, has also been rejected by the New Mexico appellate courts. *See Martinez*, 1980-NMCA-078, ¶ 10 (noting that the New Mexico legislature expressly distinguished between governmental entities and public employees in the NMTCA and specified separate "areas of liabilities and immunities" and therefore an employee is not and cannot be considered the entity itself).

Plaintiff cannot be said to have sidestepped the notice requirement relative to Romero, because there simply is no requirement. As such, Plaintiff properly joined Romero and there is no argument that Romeo was not properly served. Romero is therefore, a properly joined and served forum defendant, and his presence in the case requires remand under § 1441(b)(2).

Finally, because the Court concludes that Romero was not fraudulently joined, it need not analyze the fraudulent joinder assertion against the NMDOT. The presence of a single forum defendant requires remand under the forum defendant rule. *See id.* (explaining that an action removable solely on the basis of diversity jurisdiction "may not be removed if *any* of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought") (*emphasis* added). That said, whether NMDOT had sufficient notice under the NMTCA would require an "intricate analysis of state law," which would militate toward remand in any case. *See Brazell*, 525 F. App'x at 881.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall take the necessary action to effectuate remand of this case to the New Mexico District Court for the First Judicial District.

_____
CHIEF UNITED STATES DISTRICT JUDGE